UNITED STATES of America, Appellee,

v.

**Daniel H. KELLER, Appellant.**

**No. 86–1351.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 8, 1986.
Decided Dec. 31, 1986.

James R. Vincent, Des Moines, Iowa, for appellant.

Thomas D. Thalken, Sp. Asst. U.S. Atty., Omaha, Neb., for appellee.

Before ROSS, JOHN R. GIBSON, and FAGG, Circuit Judges.

PER CURIAM.

Daniel H. Keller appeals his conviction of three counts of damaging the property of another person in retaliation for that person's providing information to the FBI relating to the possible commission of a federal offense, in violation of 18 U.S.C. § 1513 (1982).[1] Keller contends that because the statute of limitations had run on the offense on which the informant had provided information, the indictment under which he was charged should have been dismissed. We affirm.

Keller was employed by ASARCO, a lead refinery business, from 1978 through February, 1984. Prior to Keller's dismissal in 1984, the FBI had begun investigating the theft of silver from the company. Six employees, including Keller, were fired for stealing silver from ASARCO.

William Hartman, another ASARCO employee, cooperated with the FBI in its investigation. Hartman's identity as one of those cooperating with the FBI was kept secret until April, 1985. Subsequently, between June and October, 1985, there were six incidents of vandalism at Hartman's home. Keller was charged in connection with all six incidents. He was acquitted on three counts and convicted on three counts, from which he appeals.

The evidence adduced at trial indicated that the alleged thefts and interstate transportation of the stolen silver occurred between 1978 and 1980. The statute of limitations for these offenses is five years. 18 U.S.C. § 3282 (1982). Keller argues that the district court[2] should have dismissed the indictment because the statute of limitations had run on the underlying offense. Additionally, Keller asserts that the district court erred in giving a jury instruction which provided that the running of the statute of limitations on the underlying offense was irrelevant to whether Keller retaliated against Hartman for supplying information.

Keller asserts two reasons for his contentions: 1) because the statute of limitations had run on the underlying act, it was not punishable as a crime and thus not an "offense" as required by section 1513; and 2) because federal prosecution of the underlying act was barred by the statute of limitations, the federal court did not have jurisdiction over what was otherwise a state crime (destruction of personal property).

We do not agree with Keller that section 1513 applies only when a witness gives information on a prosecutable offense. As noted by the district court, the intent of the statute would not be fulfilled if a person who gives information regarding an offense on which the limitations period has run could not be protected from the retaliatory acts which section 1513 prohibits. Further, we do not agree with Keller's assertion that an act committed in violation of a federal statute is no longer considered an "offense" once the statute of limitations has run, and find no authority in support of his position.

Therefore, after carefully reviewing the briefs and record, we affirm the judgment of the district court.

---

1. 18 U.S.C. § 1513 (1982) provides in relevant part:

(a) Whoever knowingly * * * damages the tangible property of another person, or threatens to do so, with intent to retaliate against any person for * * * (2) any information relating to the commission or possible commission of a Federal offense * * * given by a person to a law enforcement officer * * * shall be fined not more than $250,000 or imprisoned not more than ten years, or both.

2. The Honorable William C. Stuart, United States District Judge for the Southern District of Iowa.